IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00063-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.
1.    PATRICIA ANN GILROY,

    Defendant.

---

**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT (DOC. #29)**

---

    The defendant joins with the Government in objecting to paragraph 18 of the Presentence Report with respect to total loss and agrees that pursuant to the plea agreement, the agreed upon loss was $865,551.  The defendant understands the Probation Department's position, but agrees with the Government, that in the context of a pre Indictment resolution, given the uncertain and speculative nature of "intended" loss, and as an inducement for a timely resolution, the parties stipulated and agreed to a then fixed and determined loss of $865,551, which would then result in a 14 level enhancement as opposed to sixteen level enhancement.  Accordingly, the defendant is in agreement with the Government that the offense level after taking into account timely acceptance should be a level 18.

The defendant's only other objection (actually a supplement) is to page 5, paragraph 15 where the report reflects that "Gilroy used the PPP and EIDL proceeds for other purposes, including using the funds toward the purchase of a new home". It is submitted that the defendant did in fact use $55,000 of the PPP funds as a deposit on a condominium, but upon learning of the investigation, immediately embarked upon the recovery of such funds to be used for restitution in this case.

The defendant cancelled the purchase of the condominium, and was successful in obtaining the return of the $55,000 which was immediately converted to a cashier's check payable to the Clerk of the Court in June of 2021. That cashier's checks was given to the Clerk of the Court at the time of the plea, but by then was "stale" in that ninety days had expired since its issue in June of 2021.

Additionally, in an effort to recover as much funds as possible for "restitution" the defendant had also secured an additional $50,000 in the form of a cashier's check, payable to the Clerk of Court, which was also tendered to the Clerk of the Court at the time of the plea. Unfortunately both checks totaling, $105,000, were returned by the clerk.

The defendant has since had them reissued and secured additional cashier's checks now totaling, $131,143.00. The now reissued checks have been sent to the Clerk and have been received and the clerk now holds restitution in the amount of $131,143 .00.

Although the plea agreement only required immediate payment of $50,000, in an effort to accelerate restitution, the defendant has recovered and preserved funds totaling $131,143.00 as advance payments towards restitution.

The defendant has also attempted to assist the Government in the forfeiture and return of an additional $686,000 in funds that were "invested". The Government, with the defendant's cooperation, filed an agreed motion for forfeiture, and this Court on July 1st entered a forfeiture order relating to those "invested" funds. Hopefully by the time of sentencing, this Court's order will have been complied with by the entities holding the investments, and additional funds will have been recovered

With respect to Paragraph 85, page 15, should the Court accept the joint objection of the Government, the total base level would be 18 with a guideline imprisonment range of 27 months to 33 months.

The defendant has not sought a "variance" and is in concurrence with the Government's subsequent sentencing recommendation of 19 months.

s/ Peter D. Aiken
**BY: Peter D. Aiken, Esquire**
Aiken and O'Halloran
1188 N. Tamiami Trail Suite 205-A
Sarasota, Florida 34236
Telephone: (941) 366-3506
E-mail: peterdaiken@gmail.com
Attorney for (Patricia Ann Gilroy, defendant)